UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Oliver M. Boling, # 36688-118, | ) C/A No. 4:17-1097-CMC-TER |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Report and Recommendation |
| | ) |
| United States of America, | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

Plaintiff Oliver Boling, proceeding *pro se*, brings this action pursuant the Federal Torts Claim Act, 28 U.S.C. § 1346. (ECF No. 1). Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(e), D.S.C., the undersigned is authorized to review such actions and submit findings and recommendations to the District Court. Plaintiff is an inmate at a federal institution. However, Plaintiff is considered to be a state prisoner. *See Boling v. Rivera*, 2011 WL 6182124, *3 (D.S.C. Dec. 13, 2011); *Boling v. Warden*, No. 4:16-3227-CMC-TER. The Complaint is subject to summary dismissal because it fails to state a claim upon which relief can be granted.

**STANDARD OF REVIEW**

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint filed in this case. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, and the Prison Litigation Reform Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324–25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir.1995) (en banc); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir.1983).

The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of

proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton*, 504 U.S. at 31. Hence, under § 1915(e)(2) (B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *See Neitzke*, 490 U.S. at 327.

This court is required to liberally construe *pro se* complaints. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys. *Id.*; *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which plaintiff could prevail, it should do so, but a district court may not rewrite a complaint to include claims that were never presented, construct the plaintiff's legal arguments for him, or conjure up questions never squarely presented to the court. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985); *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993); *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390-91 (4th Cir.1990) (The "special judicial solicitude" with which a [court] should view such pro se complaints does not transform the court into an advocate.).

**DISCUSSION**

Plaintiff alleges that the United States breached a duty owed to him when it failed to correctly compute his sentence, resulting in Plaintiff serving eighteen years beyond his statutory release date. (ECF No. 1 at 5). Plaintiff requests seventeen million dollars. Plaintiff attached the FTCA claim filed on August 16, 2016, which argues he is entitled to emergency release and monetary relief. (ECF No. 1-2 at 2). Plaintiff makes the same arguments, regarding good time credits, as he did in his recently denied habeas petition. *See Boling v. Warden*, No. 4:16-3227-CMC-TER(appealed to the Fourth Circuit). On February 6, 2017, the U.S. Department of Justice denied Plaintiff's FTCA claim, stating:

> We have reviewed your claim along with available documentation and reports from the appropriate staff members. Our investigation has revealed when you were designated to the BOP for service of your federal sentence, staff received a copy of your Judgment and Commitment (J&C) from the Sentencing Court. Upon review of your J&C, it was discovered that on May 3, 1977, the United States District Court for the District of Columbia (D.C.) ordered you to serve a seventy-one (71) years and six (6) month term of incarceration for Sodomy and Assault with a Deadly Weapon. The D.C. Board granted parole to you on February 16, 1999, and parole supervision until June 29, 2047. You were rearrested in D.C. on April 2, 1999, for using a deadly weapon to strike your wife. After arraignment you were released on your own recognizance. Based on this alleged law violation, the D.C. Board issued a parole violation warrant was issued against you on April 13, 1999. In the interim you were arrested in West Hartford, Connecticut for criminal trespass, disorderly conduct, and second degree stalking of your wife. On December 9, 1999, and January 11, 2000, the state of Connecticut convicted you of violating a protective order and disorderly conduct. The D.C. Board revoked your parole on July 10, 2000, for your use of deadly weapon and you traveled outside D.C. without permission. Your projected release date is July 1, 2032, via Good Conduct Time Release (GCT).
> 
> At this time, the BOP has not received an Amended J&C reflecting a reduction in your sentenced based on an erroneous sentence.
> 
> There is no evidence to indicate you were imprisoned without the authority of law or that you sustained any injury caused by the negligent or wrongful act or omission of

3

any government employee acting within the scope of employment. Therefore, your claim is denied.

(ECF No. 1-3).

The relief which Plaintiff is seeking through the FTCA claim filed, for release and essentially declaration that he has been unlawfully imprisoned for several years, is a remedy exclusively under habeas corpus. *See Heck v. Humphrey*, 512 U.S. 477, 481 (1994), *Preiser v. Rodriguez*, 411 U.S. 475, 487-88 (1973). *Heck* acts to bar FTCA claims for damages allegedly arising from false imprisonment when Plaintiff fails to allege that his sentence has been invalidated. *See Deleston v. U.S.*, 2012 WL 1949374, at *2 (D.S.C. May 11, 2012); *Parris v. U.S.*, 45 F.3d 383, 385 (10th Cir. 1995).

Plaintiff's arguments in the instant action are the same as in a recent successive habeas petition. This court previously stated:

> Petitioner is serving a sentence first computed in 1977 and again in 2000 after Petitioner violated parole and was re-incarcerated. Petitioner's prior petitions include, but are not limited to, the following cases: *Boling v. Williamson*, 305 Fed. Appx. 7 (3d Cir. 2008)(dismissing Petitioner's appeal of district court's dismissal of habeas petition under abuse-of-writ doctrine); *Boling v. Rivera*, 472 Fed. Appx. 177 (4th Cir. 2012)(denying a certificate of appealability and dismissing appeal of district court's order that dismissed Petition for abuse of the writ); *Boling v. Mundt*, 261 Fed. Appx. 133 (10th Cir. 2008)(affirming district court's denial of habeas relief); *Boling v. Conners*, 2004 WL 1636963 (D.C. Cir. 2004)(dismissal of § 2241 petition granted because district court"correctly held that Boling may not challenge his District of Columbia convictions in federal court unless his local remedy is "inadequate or ineffective, ... and his local remedy is not inadequate or ineffective merely because the District of Columbia courts have rejected his numerous post-convictions motions, or because a judge rejected one such motion without the original court jacket"); *Boling v. Superior Ct. of Dist. of Columbia*, 2013 WL 40324 (D.S.C. 2013)(adopting the Report and Recommendation that dismissed Petitioner's § 2241 petition); *Boling v. Smith*, 277 Fed. Appx. 174 (3d Cir. 2008) (affirming district court's denial of § 2241 habeas petition).

> The instant Petition is therefore successive and is subject to summary dismissal. Petitioner was required to first obtain pre-filing authorization from the court of appeals before filing the instant Petition. 28 U.S.C. § 2244(b)(3)(A); *In re Williams*, 444 F.3d 233, 235 (4th Cir. 2006) and *In re Wright*, 826 F.3d at 783. Since Petitioner did not first obtain permission from the Fourth Circuit Court of Appeals to file this successive Petition, this court does not have jurisdiction over Petitioner's instant Petition, and thus, the Petition is subject to summary dismissal.

*Boling v. Warden*, No. 4:16-3227-CMC-TER(appeal pending).

Plaintiff may not obtain release from prison by challenging the computation of his sentence in this civil action. A writ of habeas corpus is his exclusive remedy. *See also Griffin v. Baltimore Police Dept.*, 804 F.3d 692 (4th Cir. 2015). Clearly, he cannot challenge here the decision on his prior habeas petition. Additionally, successive habeas petitions cannot be filed without first obtaining pre-filing authorization from the court of appeals. 28 U.S.C. 2244(b)(3)(A). Plaintiff may not use this civil action to address habeas issues.

## RECOMMENDATION

Accordingly, it is recommended that the District Court dismiss the Complaint in this case *without prejudice and without issuance and service of process*. *See Brown v. Briscoe*, 998 F.2d 201, 202-04 (4th Cir. 1993); *see also* 28 U.S.C. § 1915(e)(2)(B).

IT IS SO RECOMMENDED

s/ Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

May 8, 2017
Florence, South Carolina

**Plaintiff's attention is directed to the important notice on the next page**.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).