IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Oliver M. Boling, | Civil Action No. 4:17-cv-1097-CMC-TER |
| Plaintiff, | |
| vs. | **ORDER** |
| United States of America, | |
| Defendant. | |

This matter is before the court on Plaintiff's complaint pursuant to the Federal Tort Claims Act, 28 U.S.C. § 1346, alleging the United States of America was negligent in failing to properly compute his sentence and good time credit.[1] ECF No. 1. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(d), D.S.C., this matter was referred to United States Magistrate Judge Thomas E. Rogers, III, for pre-trial proceedings and a Report and Recommendation ("Report") on dispositive issues. On May 8, 2017, the Magistrate Judge issued a Report recommending that this matter be summarily dismissed without prejudice and without issuance and service of process. ECF No. 7. The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and the serious consequences if they failed to do so. Plaintiff filed objections to the Report on May 22, 2017. ECF No. 9.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a de novo

---

[1] Plaintiff filed a previous habeas application regarding the computation of his sentence on September 22, 2016. *See Boling v. Warden FCI Estill*, No. 4:16-cv-03227. It was dismissed without prejudice as successive on December 28, 2016.

determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. See 28 U.S.C. § 636(b).

Plaintiff objects "to the entire Magistrate Judge's R&R." ECF No. 9. First, Plaintiff objects to the Magistrate Judge's granting of his motion to proceed *in forma pauperis* ("IFP") but recommending his complaint be dismissed without service. As noted by the Magistrate Judge, the court is statutorily required to "dismiss the case at any time if the court determines that – the action or appeal is frivolous or malicious, fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. 1915(e)(2)(B). Plaintiff argues "[i]t's also clearly undisputable that the Magistrate Judge never ruled that the Plaintiff's claims were frivolous or else it would not have granted him a motion to proceed in forma pauperis." ECF No. 9 at 4. The Magistrate Judge granted Plaintiff's motion to proceed IFP so that his complaint could be filed without prepaying the filing fee: "A review of the motion reveals that Plaintiff should be relieved of the obligation to prepay the full filing fee. Plaintiff's motion for leave to proceed *in forma pauperis* is granted . . ." ECF No. 5. Plaintiff's IFP status does not mean his complaint passes muster under § 1915(e)(2)(B).[2]

---

[2] Plaintiff cites *Danik v. Housing Authority of Baltimore City*, 396 F. App'x 15 (4th Cir. 2010), an unpublished case, in support of his argument against summary dismissal because his IFP motion was granted. However, this case merely stands for the proposition the United States Marshals Service is to effectuate service of process for IFP cases. *Id.* at 16 (citing *Robinson v.*
Footnote Continued . . .

2

Plaintiff next argues the Magistrate Judge erred by "erroneously recharacterizing Plaintiff's Federal Tort Claim Civil Action as a successive Section 2255 motion without Plaintiff's consent violates the Supreme Courts decision in Castro v. United States." ECF No. 9 at 5. However, Plaintiff's reliance on *Castro* is misplaced. *Castro* held notice was required to a *pro se* criminal defendant when he files his *first* motion to vacate under 28 U.S.C. § 2255. *Castro v. United States*, 540 U.S. 375, 383 (2003) ("The limitation [on the court's recharacterization powers] applies when a court recharacterizes a *pro se* litigant's motion as a first § 2255 motion."). It does not apply to a second or successive § 2255, as the filing defendant would already be subject to the restrictions on second or successive motions under § 2255. *See id.* Further, the Magistrate Judge's Report contains mere recommendations, which are not binding on the District Court. Therefore, although not necessary for recharacterization in this case, Plaintiff has had the opportunity to contest the recharacterization and provide further information, and has in fact done so in his objections.

Finally, Plaintiff argues he should be allowed to proceed pursuant to the FTCA because he seeks damages under the FTCA, not release from confinement. However, *Heck* clearly disallows damages for allegedly unconstitutional imprisonment if the sentence has not been declared invalid or called into question. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) ("We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment,

---

*Clipse*, 602 F.3d 605, 608 (4th Cir. 2010) ("*In forma pauperis* plaintiffs must rely on the district court and the U.S. Marshals Service to effect service of process according to 28 U.S.C. § 1915.").

3

or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2244."). As Plaintiff's sentence remains valid despite many challenges from Plaintiff, he may not proceed with his action for damages under the FTCA.[3] *Id.* at 487 ("A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.").

After considering the record, the applicable law, the Report and Recommendation of the Magistrate Judge and Plaintiff's objections, the court agrees with the Report's recommendation the complaint be dismissed. Plaintiff has brought suit for damages under the Federal Tort Claims Act; however, he challenges the computation of his sentence at the Bureau of Prisons. As noted by the Magistrate Judge, the Supreme Court has disallowed damages for allegedly unconstitutional conviction or imprisonment when the conviction or sentence has not been reversed, expunged, declared invalid, or called into question. *Heck*, 512 U.S. at 486-87. For the reasons above, the court adopts the Report and incorporates it by reference. Plaintiff's complaint is dismissed without prejudice and without issuance and service of process.

**IT IS SO ORDERED.**

---

[3] Plaintiff also argues his FTCA cause of action states a claim on which relief may be granted. However, this argument is foreclosed by *Heck* for the reasons above.

4

s/ Cameron McGowan Currie<br>
CAMERON MCGOWAN CURRIE<br>
Senior United States District Judge

Columbia, South Carolina
June 7, 2017